USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/30/18

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
CHRISTOPHER IRIZARRY,               :      17-civ-739 (LAP)
                                    :
        PETITIONER,                 :      MEMORANDUM & ORDER
                                    :      ADOPTING REPORT &
                                    :      RECCOMENDATION
        v.                          :
                                    :
DARWIN LACLAIR,                     :
                                    :
        RESPONDENT.                 :
                                    :
------------------------------------X
```

LORETTA A. PRESKA, Senior United States District Judge:

Petitioner Christopher Irizarry ("Petitioner" or "Irizarry") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (See "Petition", Jan. 31, 2017, ECF No. 1.) In September 1998, Irizarry was convicted of (1) one count of burglary in the first degree, (2) two counts of robbery in the first degree, and (3) two counts of robbery in the second degree. (Petition at 6.) On October 28, 1998, Irizarry was sentenced to twenty years imprisonment. (Id.) On November 19, 2001, Irizarry appealed his conviction to the Appellate Division, Second Department, arguing ineffective assistance of counsel, and filed a motion to vacate his guilty plea and a motion to set aside his sentence. (Id.) The Appellate Division affirmed Irizarry's conviction, denied each motion, and denied leave to appeal. (Id.) The New York Court of Appeals also

1

denied leave to appeal. (Id.) In March 2002, while direct appeal was pending, Irizarry filed his first CPL § 440.10 motion arguing ineffective assistance of counsel. (Id.) The motion was denied on June 21, 2002. (Id.) In 2004, Irizarry filed his first Petition for a writ of habeas corpus asserting that he was denied effective assistance of counsel and was prejudiced by the absence of an alibi charge. (Id.) That Petition, application for a Certificate of Appealability, and Petition for leave to appeal to the Court of Appeals were all denied. (Id.) On September 17, 2012, Irizarry filed his second CPL § 440.10 motion based on alleged newly discovered evidence and actual innocence. (Id.) After conducting a hearing on August 20, 2014, the County Court denied Irizarry's motion to vacate his judgement of conviction. (Id. at 6-7.) Irizarry then sought a second writ of habeas corpus, which was referred to United States Magistrate Judge Katharine H. Parker. (See Order of Reference, Mar. 1, 2017, ECF No. 6.) Darwin LaClair ("Respondent" or "LaClair") filed a motion to dismiss the Petition. (Mem. Law in Supp. Resp't's Mot. Dismiss ("Resp. Mot."), July 5, 2017, ECF No. 13.)

On January 18, 2018, Judge Parker issued a Report and Recommendation ("Report") in which she recommended that this Court grant Respondent's motion to dismiss. (Report and Recommendation ("R. & R."), Jan. 18, 2018, ECF No. 22.)

Irizarry subsequently filed an Objection to the Report (See Obj., Apr. 20, 2018, ECF No. 27) (the "Objection") and also requested that the Court "review – and then accept – the much fuller argument in the Petition and in the Memorandum of Law in Opposition to the Motion to Dismiss." (Id. at 6.) For the following reasons, the Report is adopted in full, and Irizarry's Objections are overruled.

## I. Background

The Court assumes familiarity with the relevant factual background and procedural history as set out in the Report. (R. & R. at 1-9.) Irizarry's habeas Petition states several grounds for relief: (1) it is a violation of the Fifth, Eighth and Fourteenth Amendments to keep in prison an innocent person; (2) Petitioner is actually innocent; and (3) the court receiving testimony pursuant to Petitioner's second § 440.10 motion made an unreasonable determination of facts. (See Petition.)

In his motion to dismiss, Respondent argues that Irizarry's Petition is time-barred. (Resp. Mot. at 2.) Respondent asserts that the one-year statute of limitation applied under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") required Irizarry to file a Petition before June 24, 2010, one year after the factual predicate of the claim could have been discovered. (Id.) Because Irizarry did not file his motion to vacate his judgment until September 17, 2012, and did not file

3

the instant Petition until January 31, 2017, Respondent argues that Irizarry's Petition is untimely under AEDPA. (Resp. Mot. at 3-4.) Respondent further asserts that Irizarry is not entitled to equitable tolling of the statute of limitations, Irizarry failed to make a gateway showing of actual innocence, and the Petition should be dismissed as a result. (Id. at 4-9.)

In the Report, Judge Parker recommends that the Court grant Respondent's motion to dismiss. (R. & R. at 18.) Judge Parker found that Irizarry's Petition was untimely because he did not file it within one year of the date on which the factual predicate of his claim could have been discovered through the exercise of due diligence. (Id. at 14.) Judge Parker found that the factual predicate for Irizarry's claim was established well before he filed his CPL § 440.10 motion in state court seeking release based on new evidence of his innocence. (Id. at 14-15.) Judge Parker declined to toll equitably the statute of limitations because the exception for pursuit of pending judicial remedies during the statute of limitations period was inapplicable here. (Id. at 12.) Moreover, Petitioner failed to establish that he had pursued his rights diligently or that he faced extraordinary circumstances. (Id.) Finally, Judge Parker found that Irizarry did not make a credible showing of actual innocence. (Id. at 13-14.)

4

Irizarry filed an Objection to the Report, which the Court discusses below.

**II.  Standard of Review**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where a petitioner makes a timely objection to the Report, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

If no objections are filed, or where objections are "merely perfunctory responses," argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition," reviewing courts should review a Report and Recommendation for clear error. Vega v. Artuz, 2002 WL 31174466, at *1 (S.D.N.Y. Sept.30, 2002). Where objections to a Report and Recommendation are "specific and . . . address only those portions of the proposed findings to which the party objects," district courts should conduct a de novo review of the issues raised by the objections. Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (citing Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992).

5

### III. Petitioner's Objections

Irizarry objects to Judge Parker's Report on two grounds. First, Irizarry argues that he presented sufficient evidence to support his claim of actual innocence and so Judge Parker should have granted the Petition for a writ of habeas corpus. (Obj. at 2.) Alternatively, Irizarry asserts that the evidence establishes that Petitioner is likely innocent and so a reasonable jury would not likely convict Irizarry. (Id.) As such, Petitioner argues that judgment should be vacated and a new trial ordered. (Id. at 7.) Although not addressed in the Objection filed by Petitioner, the Report concluded that the Petition was untimely and found all exceptions to the one-year statute of limitations inapplicable. (R. & R. at 14-15.) This was not addressed in the Objection filed by Petitioner. The Court will first address the statute of limitations and then each of Irizarry's objections in turn.

#### 1. Timeliness of the Petition under AEDPA

AEDPA applies a one-year statute of limitations for an application for a writ of habeas corpus. 28 U.S.C. § 2244. Here, pursuant to 28 U.S.C. § 2244(d)(1)(D), the one-year period begins from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In examining the factual predicate for the claim of actual innocence, the Court turns to

the affidavits of three people: Jason Brown, who admitted to committing the underlying robbery (dated June 24, 2009); Shonta Burten, the deceased gunman's half-sister, who stated that her brother admitted that Petitioner was not involved in the robbery (dated March 25, 2010); and John Clark, Petitioner's friend, who stated that he was with Petitioner in Petitioner's apartment on the night of the robbery (dated May 5, 2011). (R. & R. at 6-7.) Petitioner filed his second CPL § 440.10 motion for an Order to vacate his conviction based on the new evidence of his purported innocence on September 17, 2012. (Id. at 7.) Therefore, the affidavits the Court examines in determining the factual predicate for Petitioner's claim were signed over one year before the Petition was filed.

As Judge Parker addressed in the Report, Irizarry does not dispute that he filed the Petition after the one-year limitation period expired. (R. & R. at 12.) Rather, Irizarry argued that he should be granted an exception as the claim of actual innocence is a "gateway" through which a petitioner must pass to have his otherwise barred constitutional claim considered on the merits. (See Petition at 19.) The Supreme Court of the United States held in Schlup that an actual innocence gateway claim requires "new reliable evidence that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 299 (1995). Irizarry's

7

Objection does not address why he should be granted an exception or why Judge Parker's finding should be disregarded.

### i. **Plaintiff is Not Entitled to an Exception Under § 2244(d)(1)(D)**

Section 2244(d)(1)(D), the factual predicate provision,

> is not a tolling provision that extends the length of the available filing time by excluding certain periods that post-date the start of the limitations clock from the calculation of how much time has run. Rather, it resets the limitations period's beginning date, moving it from the time when the conviction became final . . . to the later date on which the particular claim accrued.

Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000); see also Herring v. Superintendent, No. 09 CIV 7610 (BSJ)(JCF), 2010 WL 5463869, at *3 (S.D.N.Y. Dec. 2, 2010).

When assessing a petitioner's claim under § 2244(d)(1)(D), "[t]he proper task . . . is to determine when a duly diligent person in petitioner's circumstances would have discovered" the facts necessary for a claim. Wims, 225 F.3d at 190; see Gonzalez-Ramos v. United States, No. 05 CIV. 3974, 2007 WL 1288634, at *7 (S.D.N.Y. May 2, 2007). This is a "fact-specific inquiry which requires a district court to analyze the factual bases of each claim and to determine when the facts underlying the claim were known, or could with due diligence have been discovered." Rivas v. Fischer, 687 F.3d 514, 534 (2d Cir. 2012). The relevant inquiry is whether "the factual predicate of a claim could have been discovered," as opposed to "the date

8

on which the petitioner has in his possession evidence to support his claim." Rodriguez v. People of the State of N.Y., 01 Civ. 9374, 2003 WL 289598, at *15 (S.D.N.Y. Feb. 11, 2003), report and recommendation rejected sub nom., Rodriguez v. People of State of N.Y., No. 01-CV-9374, 2004 WL 5575050 (S.D.N.Y. Sept. 7, 2004) (collecting cases). "The statute does not require the maximum feasible diligence, only due, or reasonable diligence." Id. at 190, n.4; accord, e.g., Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002) ("Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts."). Moreover, facts or evidence that existed at an earlier date, even if unknown to a petitioner, cannot later be described as "newly discovered." See Rivas, 687 F.3d at 535. Therefore, § 2244(d)(1)(D) "'does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim.'" Lucidore v. N.Y. State Div. of Parole, No. 1:99-CV-2936, 1999 WL 566362, at *5 (S.D.N.Y. Aug. 3, 1999) (quotation omitted), aff'd, 209 F.3d 107 (2d Cir. 2000).

Under § 2244(d)(1)(D), Irizarry is not entitled to additional time to file his Petition. The Petitioner acquired the factual predicate of his innocence claim no later than when he allegedly discovered Jason Brown committed the underlying

9

crime in June 2009. (R. & R. at 14.) After Irizarry obtained an affidavit from Brown on June 24, 2009, this purported confession and affidavit formed the factual predicate for the claim of newly discovered evidence. (R. & R. at 14-15.) Therefore, the one-year statute of limitations of the AEDPA expired on June 24, 2010, one year after Petitioner possessed the factual predicate of his innocence claim. (Id.) However, Irizarry waited more than three years before filing his second CPL § 440.10 motion on September 17, 2012. (See Petition at 6.) Accordingly, this Court adopts the conclusion in Judge Parker's Report that Irizarry's Petition was untimely and thus barred by the statute of limitations. (R. & R. at 18.)

ii. **Equitable Tolling**

The AEDPA limitations period is not jurisdictional and it is subject to the doctrine of equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). However, equitable tolling is warranted only in "'rare and exceptional circumstances.'" Harper v. Ercole, 648 F.3d 132, 136 (2d Cir. 2011) (quoting Baldayaque v. United States, 338 F.3d 145, 151 (2d Cir. 2003)). Tolling of AEDPA's limitation period requires a petitioner to show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented

10

timely filing.'" Jenkins v. Greene, 630 F.3d 298, 302 (2d Cir. 2010) (quoting Holland, 560 U.S. at 649).

In determining whether a petitioner was confronted with "extraordinary circumstances," "the proper inquiry is not how unusual the circumstance alleged to warrant the tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with the AEDPA's limitations period." Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008). The Court of Appeals "set[s] a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011) (per curiam). Irizarry fails to make a request for equitable tolling or present any facts or extraordinary circumstances that would entitle him to such. (See R. & R. at 12.) Accordingly, this Court adopts Judge Parker's Report findings that Irizarry's Petition was untimely and thus barred by the statute of limitations. (R. & R. at 18.)

**2. Actual Innocence**

A petitioner may also circumvent the AEDPA limitations period if he or she makes "a credible showing of actual innocence." McQuiggin v. Perkins, 569 U.S. 383 (2013). To demonstrate actual innocence, a petitioner must show that "he is actually innocent of the crime for which he has been convicted." Danielson v. Lee, No. 09 CIV. 3839 (LAP), 2015 WL 4879140, at *3

11

(S.D.N.Y. Aug. 13, 2015), aff'd, No. 15-3222, 2017 WL 5438875 (2d Cir. Nov. 14, 2017) (citing Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002)). Actual innocence is "factual innocence . . . not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

The Court of Appeals has indicated that the standard for making a claim of actual innocence is not a low bar:

> [The claim must] be both 'credible' and 'compelling.' To be 'credible,' the claim must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.' For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.'

Rivas, 687 F.3d at 541 (quoting House v. Bell, 547 U.S. 518, 521-22 (2006)).

In his Objections, Irizarry again makes a claim of actual innocence with respect to the robbery. (Obj. at 2-3.) When evaluating such a claim, a court considers all evidence, "old and new, incriminating and exculpatory, admissible at trial or not," to "make a probabilistic determination about what reasonable, properly instructed jurors would do." House, 547 U.S. at 538. As Judge Parker noted, Petitioner's new evidence of innocence did not meet the reliability requirement under

12

Schlup to overcome the procedural bar to his Petition. (R. & R. at 15.)

The Court of Appeals has held that the Court reviewing a habeas Petition must determine whether the new evidence is trustworthy, and here, Judge Parker found that it was not. (R. & R. at 15); Doe v. Menefee, 391 F.3d 147, 161 (2d Cir. 2004). The evidence Irizarry proffers simply does not rise to the level of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that is required to meet the first prong of an actual innocence claim. Schlup, 513 U.S. at 324; see also Barrientos v. Lee, No. 14CV3207 (LTS)(JCF), 2015 WL 3767238, at *12 (listing signed, notarized, and sworn statements of alibi witnesses, written recantation of the prosecution's only witness, and unchallenged testimony of expert forensic pathologist as examples of new and reliable evidence that meets the credibility prong); Diaz v. Bellnier, 974 F. Supp. 2d 136, 144 (E.D.N.Y. 2013) (rejecting police reports that indicated inconsistent statements because they "are simply not the type of evidence that meet the Schlup requirement of credible and reliable new evidence").

When a state court has ruled on the merits of a petitioner's claim, a federal habeas court may overturn such a ruling if it:

13

>     (1) resulted in a decision that was contrary
>         to, or involved an unreasonable application
>         of, clearly established Federal law, as
>         determined by the Supreme Court of the
>         United States; or
>     (2) resulted in a decision that was based on
>         an unreasonable determination of the facts
>         in light of the evidence presented in the
>         State court proceeding.

Harrington v. Richter, 562 U.S. 86, 97-98 (2011). The state court and the jury must be afforded "the full extent of deference" owed under the AEDPA. Rivera v. Cuomo, 664 F.3d 20, 21 (2d Cir. 2011).

There was no showing by Petitioner "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 327. Here, the Petitioner offers the testimony of Jason Brown and John Clark in support of his actual innocence claim. (Petition at 10.) However, the proffered evidence at Irizarry's hearing was not compelling. Brown's confession was offered after the five year statute of limitations for the robbery had run, and so he faced no legal recourse for his testimony and alleged action of committing the underlying robbery. (Resp. Mot. at 12.) Brown's testimony was inconsistent with the facts of the robbery, and he testified that whether he tells the truth depends on if doing so would benefit him. (R. & R. at 8.) Moreover, Brown testified that he has lied about his identity under oath to both police and to a judge. (R. & R. at 8.) After the hearing, on August

14

20, 2014, the court issued a written decision denying Petitioner's second CPL § 440.10 motion. (Id. at 9.) Clearly, Brown's testimony was not found credible.

Additionally, Clark is a close friend of Irizarry's who admitted to numerous convictions for selling narcotics including an arrest where he provided police with false identification. (Id. at 8.) Clark did not testify at the first trial because, at the time, he faced criminal charges relating to a separate crime. (Id. at 5.) However, at the hearing Clark stated that he and Irizarry spent every day in Irizarry's apartment. (Resp. Mot. at 21-22.) Clark admitted that he did not remember the date of the robbery but was told it occurred on December 1, 1997. (Id. at 22.) Judge Parker found that though Petitioner presented witnesses during his trial and during the CPL § 440.10 proceeding who testified that he was in his apartment and not with the robbers at the time of the crime, a reasonable jury may well have rejected these witnesses' testimony and/or found them not to be credible. (R. & R. at 16-17.)

Petitioner's Objection argues that a jury who heard the newly presented evidence from Brown and Clark in conjunction with the evidence presented at Irizarry's trial would have found Irizarry not guilty. (Obj. at 5.) The Objection attempts to credit testimony offered by Irizarry over testimony offered by the State, without any factual basis or case law to support such

15

an assessment. Accordingly, this Court adopts Judge Parker's finding that Petitioner's claim is not an extraordinary case meriting review of a time-barred claim under the actual innocence exception to the AEDPA statute of limitations.

### 3. Request for a New Trial

Petitioner offers no additional argument to support the proposed alternative of vacating judgment and ordering a new trial. (See Obj.) Petitioner exhausted state court remedies on November 4, 2015, when his application seeking leave to appeal was denied after his motion to vacate judgment. (Petition at 7.) Judge Parker did not find the evidence presented by Petitioner at that hearing to be credible. (R. & R. at 15-16.) Because the Court of Appeals has entitled the court reviewing a habeas Petition to make credibility determinations regarding evidence brought before the court after sentencing, this Court finds no reason to disturb such findings. Menefee, 391 F.3d at 180. The Objection cites no cases in support of the argument for granting a new trial, and it does not offer any authority to support the suggestion that this Court ignore precedent. United States v. Elshaer, No. 96 CR. 495 (DC), 2009 WL 1974388, at *3 (S.D.N.Y. July 8, 2009). Accordingly, Petitioner's request for a new trial is denied.

16

## IV. Conclusion

For the foregoing reasons, the Report and Recommendation is hereby ADOPTED in full. Irizarry's habeas corpus Petition is DENIED, and his Objections are OVERRULED. The Court declines to issue a Certificate of Appealability because Irizarry has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Clerk of Court is directed to terminate the motion at dkt. no. 11.

SO ORDERED.
Dated: New York, New York
July 30, 2018

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge